*J. S. Scobey, O. B. Scobey, J. Gavin,* and *J. D. Miller,* for appellees.

---

## LIPPERD ET AL. *v.* EDWARDS ET AL.

ACTION. — *Judgment.—Foreclosure.*—A mere judgment of foreclosure of a mortgage, without a personal judgment for the debt, or for the recovery of the residue after the mortgaged premises have been sold and the proceeds

applied, cannot be made the foundation of an action for the purpose of collecting an unpaid balance of the debt secured by the mortgage.

PLEADING.—*Joint Action.—Demurrer.*—Where two or more plaintiffs join in an action, unless the complaint shows a right of action in favor of both or all of them, a demurrer will lie upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

PLEADING.—*Fraud.*—An allegation that a judgment debtor suffered certain mortgaged premises to be sold on execution, subject to incumbrances, for a nominal sum, is not sufficient to constitute a fraud on the part of the judgment debtor.

SAME.—In a complaint to subject real estate held by a wife to the payment of a debt of the husband, it must be clearly shown that the wife knew of the alleged fraudulent intent of the husband in causing the real estate to be conveyed to her, and that she took the conveyance in order to cheat, delay, or defraud the creditors.

APPEAL from the Ripley Circuit Court.

DOWNEY, J.—This was an action by the appellees against the appellants to subject certain real estate, the legal title to which is in Elizabeth Lipperd, to the payment of certain judgments. The first question presented is as to the sufficiency of the complaint. It consisted of two paragraphs. The defendants demurred to each paragraph separately, but their demurrers were overruled, and they excepted. The first paragraph of the complaint alleges that "on the 1st day of September, 1859, the said William J. Edwards obtained a judgment, foreclosing a mortgage, in the circuit court of said county, for one hundred and forty-one dollars, which judgment remains in full force, unpaid and unsatisfied, and there is now due and owing thereon of principal, interest, and costs the sum of," etc., "which judgment is found in order book L, of this court, page 75, to which special reference is made; that on the 29th day of May, 1866, the said George Cornelius, then in life, obtained a judgment in the common pleas court of said county for two hundred and four dollars, which judgment and the interest and costs accrued thereon, amounting to," etc., " remains in full force, unpaid and unsatisfied." Copies of the judgments are alleged to be filed, but they are not filed; that executions were issued on the judgments, and returned *nulla bona;* that said George Cornelius

is dead, and the plaintiff John B. Cornelius is the adminis-
trator of his estate; that from a time long before the oldest
of said judgments, said Jacob Lipperd was the owner of, and
held the legal title to, the west half of the south-west quarter
of section one, township seven, range twelve east, in Ripley
county, Indiana, of the value of two thousand dollars, and
then, with the fraudulent design and purpose to cheat and
defraud his creditors, and especially the plaintiffs, out of their
just claims aforesaid, suffered and permitted said land to be
sold on execution issued on the judgment first aforesaid,
for the nominal price of five dollars, with the purpose of
repurchasing the same and taking the legal title thereto in
the name of his wife, Elizabeth Lipperd; that on the 27th day
of June, 1867, the said Jacob, with the knowledge, consent,
and concurrence of his wife, then and there, under pretence
of purchase of said lands, paid off a certain judgment in the
common pleas court of said county in favor of Moses
Lipperd, administrator, etc., against Jacob Lipperd and
others, which was a lien on said land prior to said judgment
and mortgage of plaintiff Edwards, amounting to, etc., and
under the pretence aforesaid, paid off certain other prior and
equal liens thereon, amounting to the further sum of one
hundred dollars, and then and there caused to be made to
his said wife a deed of quitclaim to said land, from William
D. Ward, the purchaser thereof at sheriff's sale, as afore-
said, with the fraudulent design and purpose aforesaid, which
deed was accepted by his said wife, with the like fraudulent
design aforesaid, and to cover up and conceal said land, un-
der pretence of an apparent legal title thereto in his wife;
that the whole price thereof was paid by said Jacob from
his own money, and, in truth and fact, was paid as aforesaid,
in satisfaction of the just debts of said defendant, which
were liens on said land as aforesaid, and the money so paid
was in fact a redemption of said land from said sheriff's sale,
by consent of and agreement with said purchaser; that they
had no actual notice of said sheriff's sale, and did not know
of the same until after the land was purchased as aforesaid;

that Jacob Lipperd has no property subject to execution.; and that William Lipperd, who is a party defendant to said judgment secondly above set out, is, and since the rendition of said judgment has been, insolvent and without any property subject to execution, out of which said judgment, or any part thereof, can be made; wherefore, etc.

The second paragraph alleges that the defendant Jacob Lipperd, on the 25th day of May, 1867, and for more than ten years previous thereto, was the owner and holder of the legal title in fee simple to said real estate, describing the same as in the first paragraph, at this time of the value of two thousand dollars, and has been, and yet is, in possession of said land; that said Edwards, on the first day of September, 1859, obtained judgment in this court against said Jacob Lipperd for the sum of, etc., amounting with the interest to, etc., and which remains, etc.; that on the 29th day of May, 1866, said George Cornelius, then in life, obtained judgment in the common pleas court of said county for the sum of two hundred and four dollars and costs, which, together with the interest and costs, amounts to, etc., which remains, etc.; that William Lipperd, who was also a defendant in said judgment, is insolvent, etc.; that on the 25th day of May, 1867, Jacob Lipperd suffered and permitted said land to be sold on execution, issued on the said first named judgment, by the sheriff to William D. Ward, for the nominal sum of five dollars, subject to the judgment lien thereon hereinafter stated, with the fraudulent design and purpose to cheat the plaintiffs out of their just claims aforesaid, and on the 27th day of June, 1867, the said defendant, with the knowledge, consent, and connivance of his co-defendant, and with the fraudulent purpose aforesaid, under pretence and cover of a purchase of said land from said Ward for the female defendant, paid to said Ward the nominal price and consideration of thirty dollars, and took from him a deed of release to said land, conveying the same to said female defendant, and then and there also paid off and satisfied the following prior judgment liens on said land, to

wit: a judgment in the common pleas, etc., of Moses Lip-perd, administrator, etc., against said Jacob Lipperd, for, etc., and a judgment in said circuit court in favor of Charles N. Shook, against said Jacob Lipperd, for, etc., being a part of the judgment and decree first above referred to, in favor of plaintiff Edwards; that the pretended purchase aforesaid was, on the part of said defendants, a mere sham and cover for the purpose aforesaid, and that the principal considera-tion for said conveyance was the paying off of said judgments to the said Ward, who was the attorney for the plaintiffs therein, and that said transaction was, in fact and law, a re-demption by said Jacob Lipperd of said land from said sale by the sheriff, as he lawfully might and did do. They further state that they are both non-residents of said county, and neither of them was present at said sheriff's sale, and did not know of the same until long afterward; that said Jacob Lipperd has no property subject to execution; that said George Cornelius died in 1869, and said John B. Cornelius is the administrator of his estate; wherefore, etc.

Each paragraph of a complaint must be good and suffi-cient in itself. The first paragraph of the complaint, as will be seen by recurring to it, alleges that Edwards obtained a judgment, and also that George Cornelius recovered a judg-ment, but it does not state against whom the judgments were recovered. We have decided that in suing or defend-ing upon a judgment, it is not necessary to file a copy of the judgment with the pleading; and it was not necessary, there-fore, to file a copy of the judgments in this case with the complaint. But still, it is necessary to state in the pleading, in a case like this, where an indebtedness by judgment is relied upon, the recovery of a judgment against the party who is sought to be affected by it, and whose interest in real estate it is sought to reach. It not appearing by this paragraph of the complaint that any judgment was recov-ered by either plaintiff against Jacob Lipperd, the paragraph is for this reason insufficient. It appears, further, that the judgment of Edwards was a judgment of foreclosure, and it

does not appear that there was any general personal judgment against anybody, or a judgment authorizing the collection of any residue after the application of the proceeds of the sale of the mortgaged premises.   A mere judgment of foreclosure, without any personal judgment for the debt or the residue of the debt secured by the mortgage, after applying the proceeds of the sale, is exhausted by a sale of the mortgaged premises, and cannot  become  the  foundation  of  another action, for the  purpose of making the balance of the debt secured by the mortgage.   It is merely a judgment *in rem*, and when the property has been sold, the judgment has no more vitality.   *Buckinghouse* v. *Gregg*, 19 Ind. 401.   If Edwards shows no right to sue, then, as Cornelius joined in the action with  him, neither does he.   It seems to be the law now, as it was  before  the  code of civil practice, that where two or more join in an action, the complaint must show a right of action in favor of both or all of them, or the  complaint must. be  held insufficient on a demurrer assigning for cause, that it does not state facts sufficient to constitute  a  cause  of action.   *Debolt* v. *Carter*, 31 Ind. 355; *Berkshire* v. *Shultz*, 25 Ind. 523; *Mann* v. *Marsh*, 35 Barb. 68; *Harney* v. *Owen*, 4 Blackf. 337; *Strange* v. *Lowe*, 8 Blackf. 243.

The second paragraph of the  complaint, in stating the judgment in favor of Cornelius, fails to  show against whom it was rendered, and, therefore, does not show a right in Cornelius to unite in the action.   The law is settled by several decisions of this court, that to enable a party to sue to set aside a fraudulent conveyance before the adoption of the civil code, he  must have obtained a  judgment against the party who  made the  conveyance, and who is alleged to be the equitable owner of the land.   To this rule there were some exceptions.   Among the first of the cases was that of *O'Brien* v. *Coulter*, 2 Blackf. 421.   The code  provides that when the action arises out of contract, the plaintiff may join such other matters in his complaint as may be necessary for a complete remedy and a speedy satisfaction of his judgment,

although such other matters fall within some other one or more of the classes of causes of action which may be united. 2 G. & H. 99, sec. 72. It may be that, under this provision, a plaintiff may recover a judgment for the debt due him, and in the same action, having the proper parties before the court, have a fraudulent conveyance made by his debtor set aside. But to do this he must show, in the complaint, the existence of a debt due to him from the party who is alleged to have made the fraudulent conveyance. Here it is attempted to show an indebtedness by judgment, but the complaint fails to show against whom the judgment of Cornelius was rendered. We think this omission is fatal to this paragraph of the complaint.

And we think that the allegation in the complaint, that Lipperd suffered the mortgaged premises to be sold on the execution for a nominal sum to Ward, subject to the other incumbrances, does not amount to or constitute a fraud on his part. We must presume that Edwards had ordered the execution issued on his foreclosure judgment, as the contrary is not alleged, and he should have taken notice of the time of the sale, and if he did not think the amount bid by Ward was enough, he should have bid more. Lipperd may not have had it in his power to make the land sell for any more. At all events, we think he was not bound to do so. It is alleged that Jacob Lipperd, with the consent and connivance of his wife, to cheat the plaintiffs out of their claims, paid Ward thirty dollars, and paid off the other incumbrances, and that Ward conveyed the land to Mrs. Lipperd; that this purchase was a sham; that the principal consideration for the conveyance was the paying off of the judgments to Ward, who was the attorney for the plaintiffs therein; and that the transaction was but a redemption by Jacob Lipperd of the land from the sheriff's sale. If it had been alleged that Jacob Lipperd, with his own money and means, purchased the land from Ward, and with intent to cheat and defraud his creditors, caused the title to same to be conveyed to his wife, and that she knew of the fraud and participated in it, the

other necessary facts being alleged, we should think a case was made on the part of the creditors, which would enable them to maintain an action to set aside the fraudulent conveyance, and subject the land to sale to pay their claims. But the allegations of this paragraph do not show these facts. It is not clearly shown that Mrs. Lipperd knew of the alleged fraudulent intent of her husband, and that she took the conveyance in order to cheat, delay, or defraud the creditors. So far as anything is made to appear, the title of Ward was good and valid. The fraud, if any, consisted in the purchase of the land by Jacob Lipperd, with his own means, and vesting the title in his wife, with intent to cheat, hinder, delay, or defraud his creditors. It should have been clearly shown that she knew of this corrupt intent on the part of her husband, and that she participated in the fraud, by taking the conveyance with a knowledge of his corrupt intent.

It is not enough that fraud on the part of the grantor be shown, but it must also appear that the grantee had notice of the fraudulent intent. *Bunnel* v. *Witherow*, 29 Ind. 123. The first paragraph of the complaint does allege the fraudulent acceptance of the deed by Mrs. Lipperd, but this one, we think, does not sufficiently allege this fact.

There are other errors assigned, which we do not deem it necessary to consider.

The judgment is reversed, with costs, and the cause remanded.

*E. P. Ferris* and *H. T. Lipperd,* for appellants.

*J. K. Thompson,* for appellees.