MARSHALL *v.* STEWART.

EVIDENCE.—*Action in Separate Counts, upon Promissory Note and a Judgment thereon.--Merger.—Former Recovery.*—Where one paragraph of a complaint counts upon a judgment rendered on a promissory note, and a second paragraph counts upon the note itself, to which latter count former recovery is pleaded, no objection to the admission of the note in evidence under the second paragraph can be founded on the fact that it is merged in the judgment.

SAME.—*Judgment.—Foreclosure.—Execution.—Merger of Promissory Note.*— In an action upon a promissory note, and to foreclose a mortgage securing its payment, against the maker and his wife, there was a finding for the amount due on the note, and judgment was rendered on the finding, against the maker personally, " to be levied and collected without any relief," etc. There was also a decree for the foreclosure of the mortgage, and sale of the mortgaged premises, and for execution over for any residue, but this latter clause was subsequently struck out.

*Held*, that the note was merged in the judgment.

*Held*, also, that the judgment was personal, that execution could properly have been issued thereon for any residue unsatisfied after sale of the mortgaged premises, and that a transcript of such proceedings and judgment is competent evidence in an action against such maker alone, on such judgment.

SUPREME COURT.—*Judgment of.—Petition for Rehearing.*—The action of the Supreme Court upon a petition for a rehearing is the action, not of any single judge thereof, but of the court as a unit.

From the Shelby Circuit Court.

*K. M. Hord, T. B. Adams* and *L. T. Michener*, for appellant.

*C. Ewing* and *J. K. Ewing*, for appellee.

BIDDLE, J.—Complaint in two paragraphs, by the appellee against the appellant.

The first paragraph counts upon a judgment against the

appellant, in favor of the appellee; the second counts upon a promissory note made by appellant, payable to the appellee.

The appellant pleaded payment to the whole complaint, and a general denial; and, to the second paragraph, a former recovery, in two special paragraphs of answer.

As no question is made upon the pleadings, we do not state them any more particularly than to show the applicability of the evidence to the case, and make the questions presented intelligible.

Trial by the court; finding and judgment for the appellee. The questions presented to this court all arise under the motion for a new trial, and the causes assigned for a new trial are:

1. That the decision is contrary to law;

2. That the decision is not sustained by the evidence; and,

3. Error in permitting the appellee, over the objection of the appellant, to read in evidence a certain promissory note, and the record of a certain judgment upon the same note, and foreclosure of a mortgage.

1. We will first notice the objection to the introduction of the note in evidence, which was, that a suit had been brought and a judgment obtained thereon, which merged the note.

This objection was not valid. The note was the cause of action set out in the second paragraph of the complaint, and was necessary and proper evidence to sustain that paragraph. The fact that the note was merged in a judgment was matter of defence, to be proved under the answer, and could not be made the foundation of an objection to the introduction of the note as evidence under the complaint.

2. The objection made to the introduction of the record

of a former recovery on the note as evidence was, that it did not show a former suit between the appellee, as plaintiff, and the appellant, as defendant, but a suit between the appellee, as plaintiff, and the appellant and Susan D. Marshall, his wife, as defendants. The note, however, which was the foundation of the action in the record offered, was executed solely by the appellant, and the judgment rendered in the proceedings upon the note was solely against the appellant. It was, therefore, a judgment in favor of the appellee and against the appellant, corresponding with the judgment set out in the first paragraph of the complaint, and was properly admitted as evidence, but whether sufficient to prove the case must be further considered.

It is conceded that the note, which is the cause of action described in the second paragraph of the complaint, is the same note as that which was the cause of action in the judgment described in the first paragraph of the complaint. The appellant insists that the record described in the first paragraph of the complaint does not show a judgment against him, but only a judgment against the property mortgaged as shown by the record, and therefore can not be the foundation of a personal action; and also insists that the note is merged in the judgment described in the first paragraph of the complaint, and for that reason will not sustain the cause of action described in the second paragraph of the complaint, and therefore that the decision is not sustained by the evidence.

The judgment in the proceedings, offered in evidence under the first paragraph of the complaint, is rendered in the following words:

"It is therefore considered by the court that the plaintiff recover of said defendant, Jasper N. Marshall, the sum of one thousand and seventy-six dollars and sixty cents ($1,076.60), as and for his damages herein, together with the costs and charges by him in this behalf laid out and ex-

pended, to be levied and collected without any relief from valuation or appraisement laws, and to bear ten per cent. interest until paid, according to the tenor and, effect of said note."

After rendering the judgment as above, the court proceeded to render a decree for the foreclosure of the mortgage, and a sale of the property mortgaged, to pay the judgment, and further decreed, that, in the event said mortgage property should not sell for a sufficient sum fully to pay off and satisfy plaintiff's said judgment, interest and costs, then the sheriff aforesaid shall levy upon and sell, without relief from valuation or appraisement laws, any other property of the defendant, Jasper N. Marshall, subject to execution, to make up such deficiency.

But subsequently, at the same term, the court, upon motion, struck out the latter part of the decree, awarding execution for the deficiency, if any, thus leaving the record showing only a judgment against the appellant, and the decree of foreclosure of the mortgage and sale of the property to pay the judgment.

Was the note described in the second paragraph of the complaint merged in the judgment given in evidence under the first paragraph of the complaint? We think it was. The record shows a final judgment between the parties upon the note; a judgment upon which, doubtless, the plaintiff was entitled to his order to sell the mortgaged property, and also to his execution to make up any deficiency that might be due after the sale of the mortgaged property. The fact that the court did not finally direct that any deficiency should be levied of any property of the mortgage debtor can not affect the question of merger, nor the validity of the judgment. For the doctrine of merger, see Freeman Judgments, secs. 215, 216, 217; *Fischli* v. *Fischli*, 1 Blackf. 360; *Archer* v. *Heiman*, 21 Ind. 29; *Root* v. *Dill*, 38 Ind. 169; *Lapping* v. *Duffy*, 47

Ind. 51; *The First National Bank of Indianapolis* v. *The Indianapolis Piano Manufacturing Co.*, 45 Ind. 5; *Needham* v. *Gillespy*, 49 Ind. 245 ; *Gould* v. *Hayden*, 63 Ind. 443.

We can not concur with the appellant's view that the judgment is merely for a foreclosure of the mortgage and the sale of the property. It appears to us to be a valid judgment on the note, and one upon which an action will lie. If the judgment is not upon the note and valid, the note is not merged. Freeman Judgments, sec. 218; *Mico* v. *Morris*, 3 Lev. 234 ; *Adney* v. *Vernon*, 3 Lev. 243; *Briscoe* v. *Stephens*, 9 Moore, 413 ; *Goodrich* v. *Bodurtha*, 6 Gray, 323 ; *Wixom* v. *Stephens*, 17 Mich. 518 ; *Davidson* v. *Nebaker*, 21 Ind. 334; *Campbell* v. *Cross*, 39 Ind. 155 ; *Lipperd* v. *Edwards*, 39 Ind. 165.

We have thus decided the questions made by the parties in their briefs, but it does not seem to us material to the decision of this case whether we hold the judgment valid or invalid, or whether the note is merged or not merged; for, if the judgment is not on the note and valid, the note is not merged, and is therefore a good cause of action, and will sustain the judgment upon the second paragraph of the complaint, and, if the judgment is valid and the note merged, the judgment can be sustained upon the first paragraph of the complaint.

The judgment is therefore affirmed, at the costs of the appellant.

## PETITION FOR A REHEARING.

BIDDLE, J.—The counsel for appellant still insist, that the judgment set out in the first paragraph of the complaint is insufficient to support an action, because there is no express judgment to collect the residue, if the mortgaged property fails to pay the debt. It is true there is no such judgment over; it is also true that the whole judgment is personal. The cases cited against the opinion in this case are all cases where the judgment was upon the mortgage

. alone, or where the proceedings and judgment were solely *in rem*. In such cases the judgment will not support an action against the person, for it is not a personal judgment. There is nothing in the opinion contrary to this view.

The record of the judgment counted upon in the first paragraph of the complaint shows the finding of the court, in the following words :

"And the evidence being heard, and the court, being sufficiently advised in the premises, finds that the defendant, Jasper N. Marshall, is indebted to the plaintiff on and by his promissory note mentioned in the complaint, in the sum of one thousand and twenty-one dollars and sixty cents, principal and interest now due thereon, and in the further sum of fifty-five dollars as a reasonable attorney's fee for the institution of this suit."

The judgment of the court on this finding is set out in the original opinion, and need not be repeated here; and why it is not a personal judgment, instead of a judgment *in rem*, does not appear upon its face, and has not been shown to us. We can not understand any of the authorities cited by appellant, as being in his favor; indeed, it seems to us that some of them are directly against him. *Fletcher* v. *Holmes*, 25 Ind. 458; *Lipperd* v. *Edwards*, 39 Ind. 165. Besides, the judgment being personal, an execution could issue without an express order in the judgment, and upon the decree the residue might be collected.

The counsel for appellant urge it upon us, that,

"In consideration of the magnitude of the question involved, we respectfully ask that this petition and argument for a rehearing be considered by the full bench."

It surely can not be unknown to the counsel that this court is a unit, though composed of five judges, and that it decides no case, petition or motion, and does no judicial act—not even to the formal admission of a gentleman of

the bar to practise before it—except as a court. Such an appeal therefore is quite unnecessary.

The petition for a rehearing is overruled.

Original opinion filed at November Term, 1878.
Opinion on petition filed at May Term, 1879.

