Barnes *v.* Zoercher *et al.*

No. 14,725.

## BARNES *v.* ZOERCHER ET AL.

EXECUTION.— *Sale.*— *Separate Bids.*—*Holding in Abeyance.*— The sheriff, upon a decree foreclosing a tax lien, first offered the lots for sale separately. The judgment debtor, by his attorney, bid for the separate parcels a sum insufficient to satisfy the writ, and the sheriff held the bids in abeyance until he offered the property as a whole. The debtor, whose bid on the property, in gross, was the highest, being unable to pay the full amount bid, the attorney, on the refusal of the sheriff to grant an extension of time, withdrew all bids made on her behalf, and the property was sold to another.

*Held,* that the sale was valid.

From the Perry Circuit Court.

*C. H. Mason,* for appellant.

*J. T. Patrick* and *E. E. Drumb,* for appellees.

OLDS, C. J.—This is an action to set aside a sheriff's sale made upon a decree foreclosing a tax lien upon five town lots in the town of Tell City, Perry county, Indiana.

The question presented by the record and the errors assigned relate to the validity of the sale.

It appears that the sheriff first offered the rents and profits of each lot separately, then in groups of two, three, four and five, then offered the fee simple of one lot separately, and appellant, who was the judgment debtor in said case, bid therefor $20, he then offered another lot separately and appellant bid therefor $26, then offered each of the other three lots separately, and receiving no bid, offered two, and then all three of the remaining lots, and appellant bid therefor $26. Appellant insisted upon the sheriff striking the lots off and selling them to the appellant for the sums so bid for them, she being the highest and best bidder therefor. The sheriff declined to do so for the reason that the sums so bid were not sufficient to satisfy the writ on which he was selling, and held the bids in abeyance until he offered all the lots in gross to ascertain whether or not they would bring more

than the amount bid for them separately, and then offered all the lots in gross, and the appellee, the judgment creditor, bid therefor the sum of $94, and the appellant bid therefor the sum of $94.05, and the same were struck off and sold to her. Appellant was not present in person at said sale, and the bids were made through her attorney. Upon the lots being struck off and sold to appellant, the sheriff demanded the pay therefor, and the attorney informed him that he did not have money sufficient to pay the full amount bid, and asked time to notify his client and for a few days time for her to raise the money, which request the sheriff refused to grant, and thereupon the attorney, acting for the appellant, withdrew all bids made on her behalf, and thereupon the sheriff within an hour specified for the sale to take place, and in the presence of the persons gathered at the sale before they dispersed, reoffered the rents and profits and fee simple of the lots separately, and finally in gross, and the appellee Zoercher bid the sum of $94 for them and they were struck off and sold to him. The appellant made no tender to the sheriff in payment of any of the bids made for any of the lots, and withdrew all bids made for the same.

Under this state of facts, which are uncontroverted, there can be no question as to the validity of the sale.

The question discussed as to whether or not the sheriff was bound to sell a lot separately, when an amount less than is sufficient to satisfy the writ is offered, is not presented, for the appellant voluntarily withdrew the bids made for the separate lots, as well as the lots in gross, so that in offering and selling them to the appellee Zoercher, the sheriff accepted the only bid made for the lots, which was for all the lots. The statute, section 756? R. S. 1881, is for the benefit of the judgment or execution defendant to prevent the sale of more of his property than may be necessary to satisfy the debt. The holding of a bid in abeyance when the separate bids are not sufficient to satisfy the writ until the property is offered in gross to see if a better bid can be had by selling

the property altogether, and selling it upon the best bid made, whether it consists of bids for parcels or for the whole would be to the interest of the judgment debtor. We have no doubt if a sum sufficient to satisfy the judgment was offered for a single parcel of the land the sheriff would be bound to sell such parcel, and would have no right to offer the other portions for sale, but when the bid is not sufficient to satisfy the judgment it is very questionable whether the debtor can be heard to complain if the sheriff holds the bids for separate parcels in abeyance until he offers the property as a whole to see if he receives a bid therefor exceeding the amount of all the separate bids, and especially where, as in this case, he makes a sale for an amount exceeding the gross amount of the separate bids nearly one-fourth, but owing to the facts of this case it does not become necessary to decide the question. *Nesbit* v. *Hanway*, 87 Ind. 400 ; *Brake* v. *Brownlee*, 91 Ind. 359.

There is no error in the record.

Judgment affirmed, with costs.

Filed Jan. 8, 1891.