Barnes *et al. v.* Zoercher.

Filed Feb. 3, 1890.

---

No. 14,817.

BARNES ET AL. *v.* ZOERCHER.

EXECUTION.—*Sale.—Separate Bids.—Holding in Abeyance.*—The sheriff, under an execution, first offered the lots for sale separately. The judgment debtor, through his attorney, bid for the separate parcels a sum insufficient to satisfy the execution, and the sheriff held the bids in abeyance until he offered the property as a whole. The debtor, whose bid on the property at that time was the highest, being unable to pay the full amount bid, the attorney, on the refusal of the sheriff to grant an extension of time, withdrew his last bid, and the property was sold to another for more than the aggregate amount of the separate bids.
*Held,* that the sale was valid, as there was no abuse of discretion by the sheriff.

From the Perry Circuit Court.

*C. H. Mason,* for appellants.

*E. E. Drumb* and *J. F. Patrick,* for appellee.

McBRIDE, J.—This was a suit in ejectment. Appellee

brought suit against appellants to recover possession of five town lots, to which he claimed title under a sheriff's deed. Appellants insist that the deed is void because of the manner in which the sale was made by the sheriff, and this presents the only question in the case.

The sheriff offered the rents and profits of each of the five lots separately, then grouped them together, offering the rents and profits of two, three, etc., and then of all together, and, receiving no bids on any of these offers, he offered the fee simple of the lots separately. For the first lot offered appellant bid $20, which was the highest and best bid therefor. The sheriff, by direction of appellee's attorney, refused to knock off the property at this bid until after said lots should have all been offered separately, and then in groups, and then all together, in order to ascertain in which manner they would bring the most money, before any bid should be accepted, unless a single lot should sell for enough to pay the entire debt and costs.

Appellant, by her attorney, protested against this manner of selling, but the sheriff, disregarding this protest, thereupon offered another lot, for which appellant bid $26, which was the highest and best bid therefor. The sheriff also refused to knock off this lot at this bid, assigning the same reasons. He then offered the three remaining lots singly in fee simple, and, receiving no bid for either of them, he offered two of them together without effect, and then offered the fee simple of the three together. For the three appellants then offered $26, which was the highest and best bid therefor. The bids thus made by appellant in all amounted to $72. The sheriff also refused appellant's bid of $26 for the three lots. He then, over appellant's protest, offered all the lots *in solido*, for which appellee bid $74 and appellant bid $74.05, still under protest. The lots were thereupon knocked down to appellant at $74.05, which was the highest and best bid therefor.

Appellant was not present in person, but was represented

by her attorney, who then informed the sheriff that he had not money enough to pay the entire amount bid; that his client had only furnished him with $55, which she had thought sufficient to cover the amount for which the property would be likely to sell, and asked for time in which to get the balance of the money. This the sheriff refused to give, and said that unless the money was paid at once he would at once re-offer the property for sale. The attorney, while declaring his readiness and ability to pay the amount of the first two bids, and offering so to do, withdrew his bid of $74.05 for the five lots *in solido*. The property was at once, within the hour fixed in the notice, and before the bidders had gone, again offered, as it had been previously offered, and when the fee simple of the five lots was again offered together, appellee again bid $74 therefor, for which sum they were then struck off to him.

The facts in this case are substantially the same as in *Barnes* v. *Zoercher*, 126 Ind. 434, except that in that case the evidence showed that the attorney withdrew all bids made by him, while in this case he only withdrew the one bid of $74.05.

That suit was between the same parties, and was brought to set aside the sale, and was therefore a direct attack upon it, while here the attack is collateral.

The law, in requiring the sale of a debtor's land in parcels, aims to guard against the danger of the sale of any more of his property than is necessary to discharge his debt and costs. This requirement is therefore in his interest and for his protection.

It is also to the debtor's interest that the property that is sold should bring the highest price obtainable, and the sheriff, in his conduct of the sale, should aim to accomplish that end. This court has repeatedly recognized the necessity of leaving a wide range of discretion to the sheriff in making sales of real estate.

In *Nix* v. *Williams*, 110 Ind. 234, it is said, that "Much

is necessarily confided to the discretion of the sheriff in mak-
ing sales of real estate, and a sale will not be set aside unless
it clearly appears that there has been an abuse of this discre-
tion, to the substantial injury of the execution defendant."
See, also, *Jones* v. *Kokomo Building Ass'n*, 77 Ind. 340;
*Bardeus* v. *Huber*, 45 Ind. 235.

We think it is a proper exercise of the discretion with
which the sheriff is clothed in such cases as this, to withhold
approval or acceptance of bids made on the several tracts
separately, if for less than the debt and costs, until he has
offered each tract and all the tracts in all the modes prescribed
by law, unless at any time before all has been thus offered he
receives a bid sufficient in amount to discharge the entire
debt and costs.

In this case it clearly appears that there has been no abuse
of this discretion.

The bids for the several tracts aggregated only $72, while,
when they were offered together, they sold for $74, which the
evidence shows was $19 more than appellant had expected
them to sell for. The course pursued by the sheriff there-
fore enured to her benefit rather than worked her harm.
Even if the course pursued by the sheriff had been unauthor-
ized, it was not an abuse of discretion of such character and
attended with such results as would render the sale void. It
would be at most a mere irregularity. If harm resulted to
interested parties from such conduct the sale might be avoided
by a direct proceeding, but it could not be attacked collat-
erally. *Jones* v. *Kokomo Building Ass'n, supra; Elston* v.
*Castor*, 101 Ind. 426 ; *Davis* v. *Campbell*, 12 Ind. 192. The
court below committed no error.

Judgment affirmed, with costs.

Filed Feb. 3, 1891.