**MID–WEST FEDERAL SAVINGS BANK A DIVISION OF FIRST INDIANA BANK, A FEDERAL SAVINGS BANK Appellant–Plaintiff,**

v.

**O. Donetta EPPERSON, Appellee–Defendant.**

**No. 82A01–9103–CV–62.**

Court of Appeals of Indiana, First District.

Oct. 3, 1991.

Rehearing Denied Dec. 13, 1991.

Gregory A. Kahre, Bowers, Harrison, Kent & Miller, Evansville, for appellant-plaintiff.

Theodore J. Nowacki, Bose McKinney & Evans, Indianapolis, for amicus curiae, Indiana League of Sav. Institutions.

Howard P. Trockman, Wayne S. Trockman, Evansville, for appellee–defendant.

ROBERTSON, Judge.

Mid–West Federal Savings Bank (hereinafter Mid–West) appeals from an adverse ruling, that it did not have and was not entitled to a deficiency judgment following a sheriff's sale of real estate, entered upon O. Donetta Epperson's (hereinafter Epperson) Ind. Trial Rule 60(B) motion for relief from judgment and stay of execution.

We affirm.

Mid–West raises primarily five issues in this appeal, three of which require a review of the evidence. Mid–West has informed us in its brief that the evidentiary hearing held upon Epperson's motion for relief from judgment was conducted in chambers because a court reporter was not available. When Mid–West failed to recreate the record in conformance with Ind. Appellate Rule 7.2, Epperson moved to supplement the record with order book entries and the appraisals which were apparently a part of the evidence at the hearing on her motion. Mid–West now urges us in fairness either not to consider the appraisals or in the alternative, direct that an affidavit of its witness be made a part of the record, pursuant to App.R. 7.2(C). We decline.

It is the appellant's duty to insure that an adequate record is presented to this court for review of the issues it raises. The intent of App.R. 7.2(C) is to provide a method whereby the parties or this court may correct mistakes or omissions in the record, such as the order book entries, following certification of the record. *Cox v. State* (1985), Ind., 475 N.E.2d 664. Appellate Rule 7.2(C) is not a substitute for the duties clearly placed upon an appellant by

other portions of the rule. *Id.* Consequently, while this court is mandated by App.R. 7.2 to review a supplemented or corrected record, the failure of the parties to present an adequate record constitutes waiver of any alleged error based upon the absent material. *Adams v. State* (1989), Ind.App., 539 N.E.2d 985. *See also General Collections, Inc. v. Ochoa* (1989), Ind. App., 546 N.E.2d 113. Although Epperson appears confident of a decision in her favor based solely upon the record as it exists now, we are reluctant to render an opinion on the issues raised without the benefit of all the evidence which was before the trial court. Accordingly, we deem review of Mid–West's claims, that the evidence fails to show procedural irregularities in the sale, that Epperson failed to meet her burden of proof, and that the trial court failed to take into account costs of resale in evaluating the adequacy of price, waived.

Hence, we address only two issues:

(1) whether the magistrate exceeded his statutory authority under Ind.Code 33–4–7–7, 8 by entering of record what appear to be final appealable orders without first filing findings with the court or obtaining review by the court, or by holding argument on and overruling Mid–West's motion to correct error, and;

(2) whether an Ind. Trial Rule 60(B) motion for relief from judgment is an appropriate vehicle for setting aside or denying Mid–West's deficiency judgment.

## I.

Mid–West's first allegation of error concerns the manner in which the proceedings occurring after the circuit court's entry of a default summary judgment in Mid–West's favor were conducted. Upon the retirement of the then circuit court judge, the Vanderburgh Circuit Court magistrate conducted the proceedings which included evidentiary hearings on proceedings supplemental initiated by Mid–West, Epperson's claim for exemption, Epperson's motions for relief and stay of execution on the judgment, and Mid–West's motions to correct error. At no time during these postjudgment proceedings had the magistrate

been appointed judge pro tempore or special judge of the Vanderburgh Circuit Court.

The September 28, 1990 entry which is at the center of this controversy is signed by the magistrate in his capacity as magistrate and contains the magistrate's findings of fact, conclusions of law and judgment entry. The entry itself is not signed by the circuit court judge. The minutes in the Vanderburgh Circuit Court "Judge's Docket" reflect only the initials of the magistrate; however, the clerk's order book entries contain what apparently is the stamped signature of the Vanderburgh Circuit Court judge together with the specific entry:

> [t]he Court being duly advised by the Magistrate and/or Commissioner of this Court now approves the findings and recommendations of the said Magistrate and/or Commissioner and adopts said findings and recommendations as the Order in all causes heard on [the particular day in question].

A similar entry appears in the clerk's order book following the overruling of Mid–West's motion to correct error by the magistrate.

Mid–West seeks reversal or a redetermination of the ruling on Epperson's motion for relief from judgment on the ground that the magistrate's September 28, 1990 "Entry," which purports to be an appealable final judgment, and the magistrate's action on Mid–West's motion to correct error, were beyond the scope of authority granted him by the legislature in I.C. 33–4–7. Section seven of that chapter precludes a magistrate from entering a final appealable order unless sitting as a judge pro tempore or special judge while sections four and eight authorize a magistrate to conduct an evidentiary hearing or trial and to report his findings to the court, but direct that the court shall issue the final order. Mid–West argues that the entries, accompanied by the judge's stamp, exceed the scope of the magistrate's authority because they reflect that the actual decisionmaking was done by the magistrate. And, regardless of our resolution of this ques-

tion, Mid–West argues that the magistrate nonetheless exceeded the scope of his express statutory authority by ruling upon the motions to correct error.

We agree with Mid–West that the authority to decide is a judicial power which cannot, consistent with the Indiana Constitution, be delegated to the magistrate, *State ex rel. Smith v. Starke Circuit Court* (1981), 275 Ind. 483, 494, 417 N.E.2d 1115, 1121, but the instrumentalities used to inform the court, whether left to the court's own choice or fixed by law, are merely auxiliary to that power and operate upon persons or things only through the court's actions. *Id.* Therefore, had the trial court failed to adopt the magistrate's actions as its own, the judgment rendered by the magistrate would be without effect. However, here the trial court expressly adopted the magistrate's findings, conclusions and "recommendations" as its own; it exercised the power to decide. Hence, the objection is nothing more than one based upon the manner in which the court chose to inform itself and enter a final decree upon the record. Were we to find that the court's adoption of the magistrate's actions was in some way deficient and judicial power had not been properly exercised, a remand for the entry of a final judgment would be in order. *See e.g. Green v. State* (1989), Ind.App., 540 N.E.2d 130, *on rehearing*, 544 N.E.2d 172, *trans. denied; Eakins v. State* (1985), Ind.App., 482 N.E.2d 1157, *on rehearing*, 484 N.E.2d 607, *trans. denied.* Mid–West has cited no direct authority for its assertion that a form entry by the court is insufficient of itself to constitute an exercise of judicial power; accordingly, we conclude that any deficiency in the form of the entry does not affect the substantial rights of the parties and should be disregarded. Ind. Trial Rule 61.

■ Mid–West's contention that the magistrate exceeded his authority by hearing the arguments on the motions to correct error is also without merit and does not warrant reversal. Under analogous circumstances, we have held that it is not inconsistent with the trial court's discretion to refer the motions to the magistrate who heard the evidence for his consideration and report. While the judge must still perform the necessary judicial act of granting or denying the motion, this may be done without the necessity of holding a hearing or permitting argument by counsel. *Tener v. Tener* (1980), Ind.App., 407 N.E.2d 1198, 1201.

## II.

■ Mid–West next argues that a motion to set aside the sale and not a motion for relief from judgment is the proper and only procedural vehicle for challenging the adequacy of a foreclosure sale. Epperson responds that by her "Motion for Relief from Judgment under T.R. 60B and Stay of Execution under T.R. 62" she was not seeking to set aside the sale but to challenge Mid–West's assertion made during proceedings supplemental, that it had obtained the legal remedy of a deficiency judgment, and to demonstrate that Mid–West is not now entitled to such a judgment. Epperson relies upon I.C. 34–1–53–5 which requires that a deficiency judgment be included in the order of sale:

> When there is an express written agreement for the payment of the sum of money secured contained in the mortgage or any separate instrument, the court shall direct in the order of sale that the balance due on the mortgage and costs which may remain unsatisfied after sale of the mortgaged premises, shall be levied of any property of the mortgaged debtor.

Neither the Judgment and Decree of Foreclosure obtained by Mid–West on October 13, 1989, nor the order of sale contains the express direction "that the balance due on the mortgage and costs which may remain unsatisfied after sale of the mortgaged premises" be levied on the property of the mortgaged debtor. The absence of such a direction is presumably the basis of the trial court's finding in the order appealed that no deficiency judgment had been entered or approved by the court.

Mid–West's position in response is simply that it need not acquire an additional judg-

ment because its judgment on the note enables it to pursue other means of collection when the remedy of foreclosure fails to provide payment of the debt in full. We have found both the common law and case law interpreting the statutory provision, which dates back at least to 1865, to favor Mid–West's position.

At common law, a party holding a note secured by a mortgage could obtain a judgment at law which would become a lien upon the debtor's other property. In this way, the mortgagor could obtain security other than the mortgaged premises. The party could also concurrently pursue a remedy in chancery against the mortgaged premises. However, with the enactment of legislation governing foreclosure proceedings, a plaintiff could seek both remedies by a single action. In such cases, where the plaintiff obtained both a foreclosure of the mortgage and a personal judgment, the judgment had the effect of a judgment in personam except that execution could not be levied against the debtor's other property until the mortgaged property had been exhausted. To hold that a judgment on the note obtained in such a proceeding was not by its rendition as perfect a lien upon all of the debtor's real estate as an ordinary personal judgment would defeat the legislature's goal of expediting proceedings on a single debt. *Fletcher v. Holmes* (1865), 25 Ind. 458, 463.

Consequently, while a mere judgment of foreclosure, without any personal judgment for the debt *or* the residue of the debt after applying the proceeds of the sale loses vitality after the property is sold, *Lipperd v. Edwards* (1872), 39 Ind. 165, 170; *Crampton v. Collyers* (1922), 78 Ind.App. 582, 585, 135 N.E. 584, 585, the failure of the court to direct that any deficiency should be levied of any property of the mortgaged debtor does not affect the validity of the personal judgment obtained by the mortgagee. An execution may issue without an express order in the judgment and upon the decree the residue may be collected. *Marshall v. Stewart* (1879), 65 Ind. 243, and on petition for rehearing; *Taylor v. Hadnott* (1936), 210 Ind. 26, 199 N.E. 228.

In the present case, the trial court ordered that "Mid–West have and recover judgment of and from the defendant, O. Donetta Epperson" the sum of $92,534.85 together with costs and interest, "all without relief from valuation and appraisement laws ..." Such a judgment is a personal judgment which of itself authorizes execution against Epperson's other property. *Cf. Marshall v. Stewart*, 65 Ind. 243. Insofar as the trial court's determination, that a deficiency judgment had never been obtained by Mid–West, reflects the conclusion that Mid–West could not seek further execution without the express entry of a deficiency judgment or without bringing a post-sale action for the entry of a deficiency judgment, it is in error.

Accordingly, we turn to Mid–West's contention that Epperson cannot raise her equitable challenge to the further collection of a deficiency by Mid–West pursuant to a motion for relief from judgment and stay of execution. Relying upon the supreme court's statement in *Arnold v. Hall* (1986), Ind., 496 N.E.2d 63, 65, that a sale may be set aside or a request for deficiency judgment denied, where it appears that the results of a sale are such that the entry of a deficiency judgment is shocking to the court's sense of conscience and justice, Epperson takes the position that she may now challenge the entry of a deficiency judgment in favor of Mid–West and she may seek such relief pursuant to T.R. 60(B).[1]

---

**1.** Epperson does not specify in her motion or brief the section of T.R. 60(B) upon which she relies. Presumably, she is seeking relief from operation of the judgment pursuant to T.R. 60(B)(8). Indiana Trial Rule 60(B) provides in relevant part:

On motion and upon such terms as are just the court may relieve a party ... from an entry ... of final judgment ... for the following reasons:
(8) any reason justifying relief from the operation of the judgment.

 .     .     .     .

A motion under this subdivision ... *does not affect the finality of a judgment or suspend its operation* ... and the procedure for obtaining any relief from a judgment shall be by motion

As we have indicated, Mid–West has already obtained its judgment; it brought its action on the note at the same time that it sought the equitable remedy of foreclosure.[2] It is well settled that Epperson may not now nearly a year after the entry of the default judgment and some nine months after the sale collaterally attack the judgment's legal merits in proceedings supplemental to execution. *Barnes v. Zoercher* (1890), 127 Ind. 105, 26 N.E. 769; *Dowell v. Lahr* (1884), 97 Ind. 146; *Tipton v. Flack* (1970), 147 Ind.App. 292, 259 N.E.2d 703; *Indiana Suburban Sewers, Inc. v. Hanson* (1975), 166 Ind.App. 165, 334 N.E.2d 720.

However, T.R. 60(B) contemplates post-judgment relief where some additional fact is present which leads a trial court to invoke its *equitable* powers to do justice. *Town of St. John v. Home Builders Association of Northern Indiana, Inc.* (1981), Ind.App., 428 N.E.2d 1299, 1302. Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *Blichert v. Brososky* (1982), Ind.App., 436 N.E.2d 1165, 1167. An equitable attack on a final judgment is allowed only by the discretion of the trial court. *Id.* In exercising its discretion, the trial court balances the alleged injustice suffered by the party moving for relief against the interests of the winning party and society generally in the finality of litigation. *Id.*

Motions brought pursuant to T.R. 60(B) often can be construed as T.R. 13(M) motions. Trial Rule 13(M) recognizes the inherent power of the courts to issue orders to assist in the enforcement of their judgments and to entertain actions to determine whether a judgment has been carried out and satisfied. *Marshall v. Bird*, 577 N.E.2d 254, 256 (Ind.App.1991); *Wilson v. Wilson* (1976), 169 Ind.App. 530, 533, 349 N.E.2d 277, 279. Trial Rule 13(M) permits the court in an action brought to have the judgment declared satisfied *or by motion*

*for relief,* to order, upon sufficient cause, the satisfaction of a judgment or credits. *Id.* Consequently, if the trial court considered Epperson's T.R. 60(B) motion as one brought under T.R. 13(M), Epperson could properly obtain equitable satisfaction of Mid–West's personal judgment upon a showing of sufficient cause. She need not seek to set aside the sale itself.

Having found no error in the magistrate's exercise of authority or discretion in ruling upon Epperson's motion, the judgment of the trial court should be affirmed.

Judgment affirmed.

BAKER, J., concurs.
SHIELDS, J., concurs in result.

---

as prescribed in these rules or by independent action.

**2.** We read the language of *Arnold* as simply a reference to those instances where the mortgagee chooses to seek its equitable remedy of foreclosure and then bring an independent action after the sale to obtain a judgment on the note.