In re the Matter of Tara CHRISTENSON, Appellant–Petitioner,

v.

Jill STRUSS, Appellee–Respondent.

No. 46A03–0603–CV–131.

Court of Appeals of Indiana.

Oct. 31, 2006.

Stephen A. Kray, LaPorte, IN, Attorney for Appellant.

Kristine J. Jacobucci, Newby, Lewis, Kaminski & Jones, LLP, LaPorte, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Tara Christenson appeals the trial court's order overruling her objection to having the trial judge conduct a hearing on Jill Struss's motion to correct error from a permanent protective order that was signed and issued by the trial judge as opposed to having the magistrate, who conducted the protective order hearing and made recommendations to the judge, conduct the hearing.

We affirm.

### ISSUE

Whether the trial judge erred by conducting the hearing on a motion to correct error from an order where a magistrate entered findings and the trial judge signed the order.

### FACTS

On July 19, 2005, Christenson filed a petition for a protective order against Struss. In her petition, Christenson alleged that Struss had stalked her. The case was assigned to the LaPorte County Circuit Court with Judge Robert W. Gilmore, Jr. presiding. That same day, the trial court issued an Ex Parte Order for Protection, which was to expire on July 19, 2007. Thereafter, Struss filed a request for a hearing, and the trial court set an evidentiary hearing.

On October 6, 2005, the trial court held the contested hearing on the protective order, and Magistrate Sally A. Ankony conducted the hearing. That same day, Magistrate Ankony issued findings and recommendations to Judge Gilmore regarding the evidentiary hearing and recommended that the preliminary protective order be made permanent. On November 16, 2005, Judge Gilmore issued an order in which he accepted Magistrate Ankony's findings and ordered that the protective order continue until July 2007.

On November 29, 2005, Struss filed a motion to correct error and a motion to stay the execution of Judge Gilmore's permanent protective order. In Struss's motion to correct error, she alleged that evidence was improperly admitted and considered during the October 2005 evidentiary hearing and that Christenson did not prove her case by a preponderance of the evidence. Also, Struss requested that Judge Gilmore conduct the hearing on her motion to correct error and that he "review all relevant evidence to determine whether the Ex Parte Order of Protection ... should be maintained[.]" (Appellant's App. 28). The trial court then set a hearing for January 2006 and noted that Judge Gilmore would conduct the hearing. On December 20, 2005, Christenson filed an "Objection to Post–Trial Hearing Before a Different Judge" ("objection motion") and argued that, pursuant to Indiana Trial Rule 63(A), the motion to correct error should be conducted by Magistrate Ankony because she was the one who conducted the evidentiary hearing.

On January 23, 2006, Judge Gilmore conducted a hearing on Christenson's objection motion and on Struss's motion to correct error and motion to stay. During the hearing, Judge Gilmore stated:

I'm having a little trouble swallowing the idea that a magistrate, whom [sic] has to make findings and cannot issue a final, appealable order ends up the way your [sic] saying it, that the sitting judge whose responsibility it is to sign that order, can't hear a motion to correct errors?

* * * * *

So I also believe that not only am I entitled by law to do this, I do believe that the respondent can make the request for the Court, the trial court, to hear the motion to correct error ... So I'm going to deny the motion to remove me from hearing the motion to correct error.

(Tr. 16, 17, 19). That same day, the trial court also issued a written order denying Christenson's objection motion, which, in relevant part, provided: "The Court is ordering that the Presiding Judge of the LaPorte Circuit Court has the ability to hear a Motion to Correct Error on a final appealable order wherein the Magistrate made the findings and the Circuit Court Judge signed the order." (Appellant's App. 4).

Judge Gilmore then proceeded with the hearing and heard Struss's argument on her motion to correct error. Christenson was unprepared to make an argument on the motion to correct error, so Judge Gilmore gave her an opportunity to file a written response. Thereafter, on March 2, 2006, Judge Gilmore issued an order granting Struss's motion to correct error. In his order, Judge Gilmore indicated that he had reviewed the audio transcript of the October 2005 protective order hearing and had found that certain evidence was erroneously admitted. Thus, Judge Gilmore dissolved the protective order and ordered that a new hearing on the merits would be held before the presiding judge. Christen-

son now appeals the trial court's order denying her objection motion.[1]

### DECISION

 At the outset, we note that Christenson only appeals the order in which Judge Gilmore denied her objection motion and does not appeal the order granting Struss's motion to correct error. Thus, the sole issue is whether the trial judge erred by conducting the hearing on a motion to correct error from an order where a magistrate entered findings and the trial judge signed the order. Christenson challenges Judge Gilmore's authority to conduct the motion to correct error hearing under Indiana Trial Rule 63(A); thus, this issue presents a question of law which we review de novo. *See Chamberlain v. Walpole*, 822 N.E.2d 959, 961 (Ind. 2005) (holding that we review questions of law de novo); *Higgason v. State*, 789 N.E.2d 22, 27 (Ind.Ct.App.2003) (stating that construction of the trial rules is a question of law that we review de novo).

Christenson argues that Judge Gilmore erred by conducting the motion to correct error hearing and contends that Indiana Trial Rule 63(A) required Magistrate Ankony to conduct the hearing. Trial Rule 63(A) provides:

> (A) Disability and unavailability after the trial or hearing. The judge who presides at the trial of a cause or a hearing at which evidence is received shall, if available, hear motions and make all decisions and rulings required to be made by the court relating to the evidence and the conduct of the trial or hearing after the trial or hearing is concluded. If the judge before whom the trial or hearing was held is not available by reason of death, sickness, absence or

unwillingness to act, then any other judge regularly sitting in the judicial circuit or assigned to the cause may perform any of the duties to be performed by the court after the verdict is returned or the findings or decision of the court is filed; but if he is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial or new hearing, in whole or in part. The unavailability of any such trial or hearing judge shall be determined and shown by a court order made by the successor judge at any time.

Struss argues that Trial Rule 63(A) "addresses the transfer of a case from one judge to another upon the former's disability or unavailability after trial [and] does not require a judge to refer all post-trial motions to his/her magistrate who entertained the evidentiary hearing in a particular matter." (Appellee's Br. 15). Struss further argues that Judge Gilmore had discretion to determine whether the motion to correct error would be heard by himself as the presiding judge or by the magistrate "[b]ecause Judge Gilmore was the judge before whom this case was pending and because Judge Gilmore entered the final Order granting [Christenson's] Petition for Order of Protection which precipitated [Struss's] Motion to Correct Error[.]" (Appellee's Br. 11–12). In support of her arguments, Struss cites to *Tener v. Tener*, 407 N.E.2d 1198 (Ind.Ct.App.1980) and *Mid–West Federal Sav. Bank a Div. of First Indiana Bank, a Federal Sav. Bank v. Epperson*, 579 N.E.2d 124 (Ind.Ct. App.1991), *reh'g denied.*

---

**1.** Prior to filing her notice of appeal, Christenson filed a motion for a change of judge, which the trial court granted.

In *Tener*, the presiding trial judge in a dissolution case referred the case to the probate commissioner, who heard the evidence and arguments of counsel and then reported his findings to the presiding trial judge. *Tener*, 407 N.E.2d at 1199. The trial judge adopted the commissioner's report and incorporated it into a final dissolution decree. *Id.* Thereafter, the husband filed a motion to correct error, which the trial judge referred to the probate commissioner. *Id.* The husband moved before the commissioner that the trial judge hear the motion to correct error argument. *Id.* The commissioner denied the husband's motion and subsequently found that the motion to correct error should be denied. *Id.* The commissioner's report regarding these matters was then submitted to the individual sitting as the judge pro tempore of the trial court, and the judge pro tempore adopted the commissioner's report and denied the husband's motion to correct error. *Id.*

The husband appealed and argued, in part, that Indiana Trial Rule 63(A) required the trial judge rather than the commissioner to hear argument on the motion to correct error. *Id.* at 1200. We noted that "[t]he main thrust of [Trial Rule 63(A) ] is to govern the respective duties of regular trial judges and their replacements or successors" but that it did "not directly address the proper reference of a case to a commissioner." *Id.* We stated that "[u]ndoubtedly there are many occasions where the regular judge will and should simply consider the motion, with or without conducting a hearing thereon, and rule upon it." *Id.* at 1201. We further stated, however, that when dealing with a motion to correct error "where the evidence has been heard by a master [commissioner] and issues raised in the motion relate thereto, it is certainly consistent with the purposes of TR 63(A) and *within the court's discretion to refer the motion ...*

to the master who heard the evidence for his consideration and report." *Id.* at 1201 (emphasis added). We then noted that if the trial judge did exercise his discretion to refer a motion to correct error to a commissioner, "the judge must still perform the necessary judicial act of granting or denying the motion." *Id.* In addition, we noted that the trial judge had the discretion to rule on a motion to correct error without actually holding a hearing or hearing argument of counsel. *Id.*

In *Mid–West*, a magistrate conducted multiple evidentiary proceedings, including one on Mid–West's motion to correct error. *Mid–West*, 579 N.E.2d at 126. The magistrate issued findings and recommended that Mid–West's motion be denied, and the trial judge adopted those findings. *Id.* On appeal, Mid–West argued that the magistrate had exceeded his authority by hearing arguments on the motion to correct error. *Id.* at 127. We held that Mid–West's argument was "without merit," and citing to *Tener*, we noted that "it is not inconsistent with the trial court's discretion to refer the motions to the magistrate who heard the evidence for his consideration and report" and that "[w]hile the judge must still perform the necessary judicial act of granting or denying the motion, this may be done without the necessity of holding a hearing or permitting argument by counsel." *Id.*

Given this law, we agree with Struss that Judge Gilmore, who was the presiding trial judge over the case, acted within his discretion when he conducted the hearing on the motion to correct error and that Trial Rule 63(A) did not prohibit Judge Gilmore from conducting the hearing. The trial rules require that a motion to correct error be "served, when filed, upon the judge before whom the case is pending[.]" Ind. Trial Rule 59(C). Upon receiving that motion, the trial judge has

discretion to either rule on the motion without holding a hearing, conduct a hearing on the motion, or refer the motion to correct error to a magistrate for a hearing. *See* T.R. 53.3(A); *Tener,* 407 N.E.2d at 1201; *Mid–West,* 579 N.E.2d at 127. Nevertheless, the trial judge, not the magistrate, must then enter an order either granting or denying the motion to correct error. *See* Ind.Code §§ 33–23–5–8 (providing that "a magistrate ... may not enter a final appealable order unless sitting as a judge pro tempore or a special judge"); and 33–23–5–9 (providing that "a magistrate shall report findings in an evidentiary hearing ... to the court[, and] [t]he court shall enter the final order"); *Tener,* 407 N.E.2d at 1200 (noting that when a trial judge exercises his discretion to refer a motion to correct error to a commissioner, "the judge must still perform the necessary judicial act of granting or denying the motion").

■ Here, this protective order case was pending before Judge Gilmore. Magistrate Ankony conducted a contested evidentiary hearing on the protective order and issued findings to Judge Gilmore, who thereafter accepted the findings and issued a permanent protective order in favor of Christenson and against Struss. When Struss filed her motion to correct error, she requested that Judge Gilmore conduct the hearing on her motion. Judge Gilmore then scheduled a hearing on the motion to correct error and conducted that hearing. As we noted in *Tener,* "[u]ndoubtedly there are many occasions where the regular judge will and should simply consider the motion [to correct error], with or without conducting a hearing thereon, and rule upon it." *Tener,* 407 N.E.2d at 1201. This was one of those occasions. Thus, we conclude that Judge Gilmore did not err by conducting the hearing on the motion to correct error.[2]

Affirmed.

RILEY and VAIDIK, JJ., concur.

2. Christenson also argues that the word "magistrate" should be interchangeable with the word "judge" in Indiana Trial Rule 63(A). To support her argument, she relies upon the Indiana Code of Judicial Conduct, which provides that "[a]nyone, whether or not a lawyer, who is an officer of a judicial system and who performs judicial functions, including an officer such as a magistrate, court commissioner, special master or referee, is a judge within the meaning of this Code." Application of the Code of Judicial Conduct (A). However, the plain language of that provision indicates that a magistrate is considered the same as a judge only "within the meaning of this [Judicial] Code." Accordingly, it does not apply to the Indiana Trial Rules.

Even if we were to find that Indiana Trial Rule 63(A) required Magistrate Ankony to hear the motion to correct error, the Trial Rule itself allows another judge to hear post-trial motions where the first judge is unavailable. Furthermore, the case law indicates that the "rulings of a successor judge will not be disturbed for failure to specifically find that the first judge [was] unavailable." *Wilson v. State,* 521 N.E.2d 363, 366 (Ind.Ct.App. 1988), *reh'g denied, trans. denied; see also id.* at 366 n. 2; *Tener v. Tener,* 407 N.E.2d 1198, 1201 (holding that where the record on appeal did not suggest that the first judge was available and the appellant did not assert that the first judge was available, the lack of a specific finding that the judge was unavailable was a technical defect). Here, the record does not indicate that Magistrate Ankony was available, and Christenson has failed to show otherwise. Therefore, there is no reversible error.