## BANK OF LANSINGBURGH vs. RUSSELL & BILLINGS.

The indulgence of a creditor to one of two defendants in a judgment, such defendants not standing in the relation of principal and surety to each other, does not entitle the other defendant to a stay of proceedings on the execution against him, although he has paid a moiety of the debt, and but for the indulgence of the plaintiff, the other moiety would have been collected of the other defendant.

Nov. 18th.    MOTION for a perpetual stay of proceedings. The defendants were the *endorsers* of a note drawn by O. & D. H. Clapp as makers, for the sum of $1000, discounted at the Bank of Lansingburgh. The makers paid a part of the note. The endorsers were sued and a judgment obtained against them for the balance. About the 1st September, 1829, an execution issued upon the judgment. In October, 1829, Billings paid $420,89, the moiety of the execution. At the time of issuing of the execution, Russell was possessed of property sufficient to satisfy the other moiety. In December, 1829, the sheriff advertised the personal property of Russell for sale, but was stayed by the orders of the plaintiffs. In May, 1830, the plaintiffs directed the sheriff to proceed, who sold the property of Russell; the proceeds of which amounted to about $250; leaving a balance of about

$180, which the plaintiffs directed the sheriff to collect of Billings.

ALBANY,
Nov. 1830.

Doty
v.
Russell.

*S. Stevens*, for the defendant.

*E. W. Walbridge*, for the plaintiffs.

*By the Court*, Marcy, J.   I know of no principle on which the court can interfere and afford the relief asked for by the motion.   It seems to be supposed that Billings ought to be regarded in the light of a surety to Russell, and that having been injured by the indulgence shewn by the plaintiffs to Russell, he is entitled to relief.   *The relation of principal and surety does not exist between the defendants.   They were each of them sureties for the Clapps, but in relation to each other they are principal debtors.*   It is not necessary, therefore, to enquire whether the directions to delay were, in truth, injurious or not to Billings; because, if such was the fact, he is not entitled to relief.   He was at all times liable to the plaintiffs for the whole debt, and might have paid it at any period; and could immediately thereafter have resorted to Russell for contribution.