Godfrey v. Gibbons.

GODFREY *vs.* E. & J. GIBBONS, impleaded with Hart, Wiswall and Cushman.

In a judgment against *several defendants*, it is competent to the plaintiff's attorney to direct the sheriff to whom the *fi. fa.* is delivered, to *levy* on the property of *all* or *either* of the defendants ; and, *it seems*, the court will not look into the equities as between the *defendants* to control such direction.

Although, ordinarily, where a *levy* has been made on property by virtue of an execution to an amount sufficient to satisfy the debt the plaintiff is not permitted to withdraw the process, and make a levy upon *other* property ; yet the court will not set aside a *second execution*, where one of several defendants has induced the sheriff to *disregard* the directions of the plaintiff's attorney and to make a levy under the *first execution*, threatening to involve the plaintiff in litigation.

MOTION to set aside a *fi. fa.* or for a rule to enter satisfaction on the judgment record. The plaintiff's attorney

had issued a *fi. fa.* directing the sheriff to levy the money of the property of the defendants, *E. & J. Gibbons;* but he, under the advice of E. & J. Gibbons, refused to do so, and levied on the interest of the defendant *Wiswall* in a *ferry boat,* owned by him jointly with various other persons, not defendants in this suit, who threatened to institute proceedings to protect their property. The plaintiff's attorney thereupon withdrew the first *fi. fa.* and issued another, which was levied according to his direction on the property of one of the Gibbonses. Affidavits were read showing that as between them and the other defendants, they ought to pay the debt. But this depended on the state of accounts between them.

*P. Cagger,* for the motion.

*E. Pearson,* contra.

*By the Court,* COWEN, J. We have nothing to do with the state of accounts between the defendants. The plaintiff, not the defendants, or any of them, had a perfect right to direct a levy on the joint or several property of the defendants or any of them, the judgment being against all. A valid levy on the boat would have been, it is true, *prima facie* a satisfaction of the debt, especially if Wiswall's interest in the boat had been of sufficient value to satisfy the *fi. fa.* But the levy was void; at least it might be so regarded by the plaintiff; for the sheriff was bound by the direction of the attorney to levy on the property of the Gibbonses only. I have just now had occasion to consider the extent of the attorney's power over process, in *Walters* v. *Sykes;* and I find that the sheriff may, by his direction, be restrained and limited as a special agent to any act which is within his general authority under the writ; and the case now under consideration shews very forcibly that this should be so. By colluding with the Gibbonses to evade the plaintiff's direction, the sheriff was in the way not only of enlarging the delay of collection, which had already been considerable; but of drawing the plaintiff into a litigation con-

cerning a disputed title to Wiswall's property in the boat. I think the plaintiff had a right to consider the *fi. fa.* as totally unexecuted ; and after the interference of the Gibbonses in this matter, they are the last persons who should be received to object that the plaintiff has been irregular in issuing a second *fi. fa.* without returning the first.

The motion is denied with costs.