G. O. & A. O. Behm and R. P. DeHart, for appellee.

---

## STARRY v. JOHNSON and Others.

EXECUTION.—Levy.—Release of.—Where a joint judgment has been rendered against persons not sureties as between themselves, and each of them has paid his proportionate part thereof, except one, upon whose property, sufficient to satisfy the balance, an execution on such judgment has been levied, and by direction of the judgment-plaintiff such levy is released and the execution returned, and the plaintiff causes an alias execution to issue on the judgment, he may direct said balance to be made, upon such alias execution, out of the defendants who have so paid a part of the judgment.

APPEAL from the Warren Common Pleas.

GREGORY, J.—Suit by John R. Johnson, Robert Craig, and George A. Johnson against the appellant and the sheriff of Warren county, to enjoin the collection of an execution issued on a judgment in favor of the appellant against the appellees and one Amos Brooks in the Warren Common Pleas Court, rendered at the February term thereof, in the year 1866, on a note executed by one Elleridge Marshall, as principal, and the appellees and Brooks, as sureties. The complaint alleges, that the plaintiffs each paid his

respective portion of the judgment; that an execution was issued thereon and levied on property of Brooks sufficient to satisfy the balance due; that Starry made an agreement with Brooks by which the latter, with his wife as surety, was to execute to the former a note, in a reasonable time, in the sum of two hundred dollars; in consideration of which the former was to release the levy and judgment; that the sheriff, by the direction of Starry, released the levy and returned the execution; that Starry sued out an *alias* execution and was proceeding to make the money of the plaintiffs; that Brooks, together with his wife, made the note and tendered it to Starry, who refused to receive it.

A demurrer was overruled to the complaint, and this is the first alleged error relied on to reverse the judgment of the court below.

The appellant answered by the general denial and a special paragraph which amounted to a denial and was stricken out on motion.

A jury trial resulted in a special finding for the plaintiffs. A motion for a new trial was overruled. The evidence is made a part of the record by a bill of exceptions.

The complaint fails to show that the note was tendered in a reasonable time, and the main question in this case is, what was the effect of the release of the levy on the property of Brooks as to the other judgment defendants.

The judgment was not against Marshall, the principal, but was a joint judgment against the appellees and Brooks. The judgment-defendants were sureties for Marshall, and not sureties for each other. *Bank of Lansingburgh* v. *Russell*, 5 Wend. 128.

The appellant had a right to direct the whole or any part of the judgment to be made out of the appellees; they were each liable for the whole of the judgment, with the right in each to pay it off and proceed against his co-judgment-defendants for contribution. The only thing charged against Starry is, that he caused the levy to be released and the execution returned by the sheriff. This he had a right

to do, and it afforded no ground of complaint on the part of the appellees. No legal right of theirs was invaded. Their liability was not increased thereby.

*Root* v. *Wagner*, 30 N. Y. 9, and *Godfrey* v. *Gibbons*, 22 Wend. 569, are in point.

There are other questions argued by counsel, but as the complaint was bad they do not arise. The court below erred in overruling the demurrer to the complaint.

, Judgment reversed, with costs. Cause remanded, with directions to sustain the demurrer to the complaint, and for further proceedings.

*W. P. Rhodes* and *J. H. Brown*, for appellant.

*J. McCabe*, for appellees.