DRAKE v. MURPHY ET AL.

SHERIFF.— *Judgment.*—*Execution Against Joint Debtors.*—When a judgment has been rendered against several persons, none of them being sureties, and an execution is issued upon the judgment, the sheriff is not bound to exhaust the personal property of all the defendants, before levying upon the real estate of any of them.

SAME.—When any one of such judgment debtors has no personal property subject to levy, the sheriff may levy upon his real estate.

SAME.—A sheriff is not bound by the provisions of section 441 of the code to go to the party whose property is to be levied upon, to get him to exercise the right of designating what property is to be levied upon, where he possesses such right.

SAME.—*Excessive Levy.*—Where real estate is levied upon, and it can be divided, it is the duty of the sheriff to sell only so much as may be necessary to satisfy the execution, and a levy upon a larger tract or parcel than is necessary, and the advertisement thereof for sale, cannot be objected to on the ground of an unreasonable or excessive levy.

APPEAL from the Tipton Common Pleas.

DOWNEY, J.—The appellant filed his complaint against the appellees, to which they demurred, on the ground that it did not state facts sufficient to constitute a cause of action; the demurrer was sustained by the court, the plaintiff excepted, and final judgment was rendered for the defendants. The plaintiff appeals, and has assigned as error the sustaining of the demurrer.

The complaint states, that on the first day of February, 1869, Murphy, Johnson, and Holliday recovered a judgment in said court against Jacob W. Stratford, Thomas W. Stratford, James A. Franklin, Harvey Cox, Joseph Cooper, and John C. Halley; that an execution was duly issued upon said judgment on the 16th day of December, 1870, and placed in the hands of McCreary, the sheriff of said county, who afterward levied the same on certain real estate, being one hundred and twenty acres, which is particularly described in the complaint, as the property of said Cox, and which said sheriff advertised for sale on the 18th day of March, 1871. It is alleged that the amount claimed to be due on the judg-

ment is one hundred and thirteen dollars and eighteen cents, for which sum the execution issued; that the real estate levied upon is worth the sum of three thousand dollars; that ten acres of it would be ample to pay the judgment; that the levy is unreasonable and excessive; that the plaintiff is the owner in fee of said real estate, having, on the 25th day of January, 1870, purchased the same from said Cox, and has ever since been in the possession thereof; that Cox, soon after the sale and conveyance of said property to plaintiff, removed to parts beyond the limits of the State of Indiana, where he has ever since remained; that all the other defendants in said judgment, except the said Stratfords, are residents of the county of Tipton, Indiana, and are the owners of personal property, and especially the said Joseph Cooper, who owns large amounts of personal property, within the bailiwick of said sheriff, out of which said debt can be made, subject to execution and levy, and was at the time the execution came to the hands of the sheriff, and still is, such owner of said property, all of which is liable to and held by the lien of such execution. It is also alleged that said Cooper is the owner of valuable real estate in said county, liable and subject to be levied upon by said execution, with the lien of said judgment upon it; that the levy upon the property of the plaintiff was without his knowledge or consent, and he knew nothing of the same until after the land was advertised for sale; that the said sheriff is about to sell his said real estate, and will sell the same, unless restrained by legal authority from so doing.

Prayer for an injunction and for general relief. The complaint is verified by the affidavit of the plaintiff. A temporary injunction was granted, which, we suppose was understood to be dissolved when the final judgment was rendered for the defendants, although no order was made with reference to it.

The judgment defendants are all principals. Drake must stand in the same position as Cox, from whom he purchased. The question is this: When a judgment has been rendered

against several persons, none of them being securities for others, and an execution is issued upon the judgment, must the sheriff exhaust the personal property of all the execution defendants before he can levy upon and sell the real estate of any of them ?    We think the sheriff was not bound to exhaust the personal property of all the defendants before levying upon the real estate of any of them, unless the statute requires him to do so.    It is only by statute that the personal estate of an execution defendant is made primarily liable.    The statute on the subject reads as follows :

"In all cases where the personal estate of the debtor, subject to execution, is insufficient to satisfy the execution, the real estate shall be exempt from levy and sale until the personal estate is levied upon and sold, unless the debtor shall direct otherwise, and the principal messuage, lands or tenements of the debtor, or upon which he may reside, shall not be levied upon unless other property can not be found sufficient to satisfy the execution in the hands of the sheriff."   2 G. & H. 242, sec. 444.   It is quite evident that the word " insufficient," in the foregoing section, is a mistake, that the prefix should be left off, that the word " sufficient" is the word intended, and that the section should be read with that change, in order to carry out the manifest intention of the legislature.    But reading the section thus, it does not seem to sustain the position assumed by the appellant. When there is but a single execution defendant, there is no doubt as to the intention.    Then the personal estate, where it is sufficient, must be first sold.    The section does not require that the personal estate of all the execution defendants, where there are several of them, shall be exhausted before the real estate of any of them shall be levied on and sold.    We think that when any one of them has no personal property subject to levy, the sheriff may levy upon his real estate.    See *Starry* v. *Johnson*, 32 Ind. 438, and cases there cited.    But it is insisted that a demand should have been made of Drake, the appellant, and that he should have had an opportunity to designate that part of his property

first to be levied upon. As the judgment was a lien upon all the land, and as it was all subject to sale, if necessary, to pay the debt, and as no other property of Drake was liable to be sold, we do not see the force of the objection. But however this may be, we do not think the statute requires the sheriff to go to the party whose property is to be levied upon, to get him to exercise the right of designating, where he possesses such right. 2 G. & H. 241, sec. 441.

Again, it is claimed that the levy was unreasonable and excessive, and that for this reason the demurrer should have been overruled. We do not think so. The mere levy upon the property and the advertisement of it could do no harm. When the sheriff came to sell it, it was his duty to sell only so much of the property as might be necessary to satisfy the execution. If ten acres of the land were worth enough and would sell for enough to satisfy the execution, as alleged, the sheriff should sell no more, unless the tract could not be divided. 2 G. & H. 249, sec. 466.

The judgment is affirmed, with costs.

*D. F. Linsday, J. Green,* and *D. Waugh,* for appellant.

*N. R. Overman, N. W. Parker,* and *J. T. Cox,* for appellees.