## WILLIAMS ET UX *v.* LYDDICK ET AL.

[No. 17,362. Filed May 18, 1945. Rehearing Denied July 14, 1945. Transfer Denied November 2, 1945.]

*Draper and Eichhorn,* of Gary, for appellants.

*Sheehan* and *Lyddick,* and *Edgar J. Call,* all of Gary, and *Bernard C. Gavit,* of Bloomington, for appellees.

CRUMPACKER, J.—The major question presented by this appeal is whether a writ of execution, as provided by § 2-3301, Burns' 1933, § 523, Baldwin's 1934, will issue on a joint and several judgment *in personam* against a husband and wife after the lapse of more than

10 years from the date of its rendition and notwithstanding the separate discharge in bankruptcy of both husband and wife after the entry of such judgment but before the issuance of the writ of execution was sought. The court below concluded it would and entered judgment ordering the issuance of such a writ after a hearing on the issues joined by the appellees' written motion that the writ issue and the appellants' answer thereto.

The evidence was wholly by stipulation and document and indicates that on July 11, 1928, the appellants were and still are husband and wife and on said date they took title to certain real estate in the city of Gary, Indiana, as tenants by entireties. That at the time they so purchased said real estate it was encumbered by a first mortgage in the sum of $50,000.00 to the Bankers Trust Company, Trustee, and a second mortgage in the sum of $15,000.00 to the American State Bank, Trustee, both of which mortgages were duly recorded and the conveyance to the appellants was made subject thereto. As a part of the purchase price the appellants signed two promissory notes totalling $21,133.96 payable to their own order and by them endorsed and delivered to People's State Bank of Crown Point, Trustee, and secured the same by a third mortgage on said real estate. On February 17, 1931, the People's State Bank of Crown Point, Trustee, filed its complaint in the Lake Superior Court on the first of the two mortgage notes above mentioned and on June 18, 1931, said court rendered judgment against both appellants in the sum of $21,000.00 plus $1,500.00 attorney's fees and in favor of the People's State Bank of Crown Point, Trustee. Whether the appellants had lost the real estate securing said note through foreclosure of prior liens or had no equity over and above such liens, does not appear but, however that may be, People's State Bank of Crown

Point, Trustee, did not seek the foreclosure of its mortgage and its complaint was on the note alone. It sought a judgment *in personam* against the joint and several makers of the note and relief was granted accordingly.

On January 10, 1933, the appellant Floyd E. Williams was adjudicated a bankrupt and the following August 22, he was duly discharged. On May 25, 1934, the appellant Flossie C. Williams was adjudicated a bankrupt and was duly discharged on the following October 25. The order of discharge in each instance recited that the bankrupt was discharged from all provable debts and claims existing on the date of the filing of his petition for adjudication.

On April 10, 1944, People's State Bank of Crown Point, Trustee, filed a motion in the Lake Superior Court for a writ of execution on its judgment of June 18, 1931, and on October 17, 1944, the appellees, upon representation that they had succeeded to ownership of said judgment, were substituted as the moving parties. It is the judgment on this motion, granting the relief sought, that is now before us for review.

It cannot be questioned, we think, that the appellees' claim, predicated upon the several liability of each of the appellants by reason of said judgment, was provable in the respective bankruptcy proceedings of each on the day each petition for adjudication was filed. It is not contended that said judgment was then a lien on any real estate or chattels real belonging to either appellant or to both of them as tenants by entireties. No execution, up to that time, had been issued and placed in the hands of the sheriff and so no lien on personal property was in existence. It follows, therefore, that the appellees' claim against each appellant severally was de-

stroyed as a legal obligation by the court's final order of discharge.

The writ authorized by the judgment in this case is a *general execution* against the joint and several property, real and personal, of the appellants as provided by § 2-3301, Burns' 1933, § 523, Baldwin's 1934. It is in the nature of a *fieri facias* at common law, which was the ordinary writ for the seizure and sale of the property of a judgment debtor under execution. 21 Am. Jr. Executions, § 17, p. 25. It authorizes the seizure and sale of the individual and several property of the appellants, acquired since their discharge in bankruptcy, notwithstanding the fact that the appellees' claim against each of them individually had been fully discharged as a legal obligation before such writ was issued or applied for. *Irwin* v. *Scotten Adm'r.* (1872), 49 Ind. 389, 397; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 568, 96 N. E. 627, 99 N. E. 44; *Drake* v. *Murphy* (1873), 42 Ind. 82; 33 C.J.S. Executions, § 38, p. 171; 21 Am. Jr. Executions, § 385, p. 189.

We are aware that the Supreme Court has held that the immunities that accrue to bankrupts by reason of their discharge do not protect a bankrupt husband and wife against seizure and sale of entirety property in satisfaction of a joint judgment when the particular entirety property so seized constituted the basis for the credit extended to such husband and wife when the joint debt represented by the judgment was created. *First Nat. Bank of Goodland* v. *Pothuisje* (1940), 217 Ind. 1, 25 N. E. (2d) 436. We are further aware that the Supreme Court has said that the lien of a joint judgment, which has attached to entirety property, is not destroyed by the individual discharge in bankruptcy of both the husband and wife. *Echelbarger* v. *First Nat. of Swayzee* (1937), 211 Ind. 199, 5 N. E. (2d) 966.

Neither of these decisions, however, can be construed to hold that the individual property of a husband or wife, each of whom has been discharged in bankrupty, can be seized and sold to satisfy a joint judgment against them *in personam*. In fact these holdings are quite the contrary and in each of them there is recognition of the principle that the individual discharge in bankruptcy of a husband and wife destroys the personal and several liability of each of them arising out of a joint judgment.

It is clear to us that the lower court exceeded its power when it authorized the issuance of an execution *under the direction of which* the sheriff of Lake County *can seize and sell the individual property of either or both of* the appellants and therefore the judgment herein is contrary to law.

There are other questions involved in this appeal but in view of the position we have taken on the question here discussed they become immaterial:

Judgment is reversed with instructions to overrule the appellees' motion for leave to issue execution.

Draper, C. J., not participating.

NOTE.—Reported in 61 N. E. (2d) 186.

ON PETITION FOR REHEARING

CRUMPACKER, P. J.—By our decision in this appeal we held that a general writ of execution against property would not issue on a joint and several judgment *in personam* against a husband and wife after the lapse of more than 10 years from the date of its entry where both husband and wife had been discharged in bankruptcy after the entry of such judgment but before the issuance of the writ of execution was sought. We are charged with error in so holding on the theory (1) that § 2-3306, Burns' 1933, § 522, Baldwin's 1934, authorizes the issu-

ance of such an execution on a judgment over 10 years old if any part thereof remains "unsatisfied and due;" (2) that under the provisions of § 2-3311, Burns' 1933, § 529, Baldwin's 1934, the sheriff is required to levy on such property only as is subject to execution; and (3) that by reason of their respective discharges in bankruptcy the separate property of the appellants is not subject to execution and any attempted levy thereon can be enjoined. The fallacy in this argument lies in the fact that the property of a discharged bankrupt in excess of $1,000.00 in value *is* subject to execution issued on a judgment that is unsatisfied and due. Before the lapse of 10 years from the date of its entry, the presumption is that a judgment, unreleased of record, is unsatisfied and due and the statute permits execution to issue as a matter of course upon the filing of a written praecipe therefor. §§ 2-3303, 2-3305, Burns' 1933, §§ 525, 521, Baldwin's 1934. After the lapse of 10 years an execution can issue only by leave of court. A written motion for such leave must be filed and 10 days notice given the judgment debtor, unless he be absent or a non-resident of the state or cannot be found, when service of notice may be made by publication, as in an original action, or in such manner as the court shall direct. "Such leave shall not be given unless it be established by the oath of the party, or other satisfactory proof, that the judgment or some part thereof remains unsatisfied and due." § 2-3306, Burns' 1933, § 522, Baldwin's 1934.

When the appellees' predecessor in title filed a motion for leave to issue execution on the judgment here involved and had notice issued as provided by the above statute, it commenced an action at law the conduct or progress of which was governed by the procedure fixed by the civil code. *White* v. *White* (1933), 98 Ind. App. 587, 186 N. E. 349. The issue to

be determined by the court was whether any part of the judgment upon which execution was sought remained "unsatisfied and *due*." The appellants appeared and filed answer in which each pleaded a discharge in bankruptcy of all separate and several liability by reason of the judgment in suit. This answer was a complete bar to the issuance of an execution calculated to enforce such separate and several liability. The evidence in support of such answer was conclusive, undisputed and susceptible to but one conclusion. Certainly when the appellants were relieved of their individual liability on the judgment by a discharge in bankruptcy there remained nothing *due* from them individually by reason of such judgment and the issuance of an execution subjecting their separate property to seizure and sale was erroneous. It is probably true that a levy and sale could be enjoined, not because the property seized was exempt from execution but rather because such execution was illegally issued. However, the fact that the levy of an illegal execution can be enjoined is no reason for the affirmance of an erroneous judgment authorizing its issuance. To so hold would be to say that because the appellants can ultimately obtain relief in equity they have no remedy at law. There is, of course, no such principle known to our jurisprudence.

An execution issued against two named judgment debtors, as was authorized in this case, subjects the separate property of either debtor to seizure and sale as well as the property owned by them jointly, 33 C.J.S., Executions, § 38, p. 171, and on the undisputed evidence the court erred in consenting to its issuance.

Relying on *First Nat. Bank of Goodland* v. *Pothuisje* (1940), 217 Ind. 1, 25 N. E. (2d) 436, the appellees insist that the "third dimension" liability of the appellants

as husband and wife was not destroyed by their respective discharges in bankruptcy because such liability was not a provable claim against their separate estates and their entirety property was beyond the reach of the bankruptcy court to administer. In our original opinion we did not, nor do we now, decide the question of the appellees' right to a special execution limiting the sheriff's authority to satisfy the judgment in question out of specific entirety property. That character of execution was not sought by the appellees nor does the judgment in review so provide.

Petition for rehearing denied.

NOTE.—Reported in 62 N. E. (2d) 88.