TIPTON *v.* PERPETUAL SAVINGS AND LOAN ASSOCIATION
OF PRINCETON

[No. 967A70. Filed July 29, 1968. No Petition for Rehearing filed.]

*Robert D. Schuttler,* and *Ben J. Biederwolf,* of Evansville, for appellants.

*John W. Ballard,* of Princeton, for appellee.

CARSON, C. J.—This appeal comes to us from the Gibson Circuit Court. This was an action in one (1) paragraph, brought by the plaintiff-appellee, Perpetual Savings and Loan Association, against the defendant-appellants, Robert Joe Tipton and Betty Joyce Boyken, (formerly husband and wife) for the foreclosure of a real estate mortgage. The plaintiff-appellee's complaint prayed for their mortgage to be foreclosed; a receiver to be appointed to manage the property during the proceedings; that judgment be had against the defendant-appellants for eight thousand ($8,000) dollars; that the said mortgaged property be sold to satisfy the indebtedness; and all other proper relief.

Both of the defendant-appellants filed answers in two (2) paragraphs, the first paragraph of each answer being an admission or denial under Rule 1-3 of the Rules of the Supreme Court of Indiana and the second paragraph of each answer setting up individual decrees of discharge in bankruptcy as a defense to the plaintiff-appellee's prayer for a deficiency judgment in the event the property failed to sell for an amount sufficient to pay the plaintiff's judgment.

Plaintiff-appellee, then filed a reply in one (1) paragraph, denying the allegations of each of the defendant-appellants' second paragraphs of answer.

Trial was to the court which returned a finding for the plaintiff-appellee and against the defendant-appellants in the sum of $7,536.09, with interest accruing at the rate of six (6%) percent per annum, to run from the date of judgment. The court further rendered a deficiency judgment to be satisfied from the "goods and chattels, lands and tenements" of the individual defendants, in the event the mortgaged prem-

ises failed to sell for a sum sufficient to satisfy plaintiff's judgment.

Appellants do not dispute that portion of the court's judgment foreclosing the mortgage, but they contend that the rendition of a deficiency judgment was contrary to law. The sole issue raised on appeal, becomes: Does a discharge in bankruptcy, under which the plaintiff's claim was scheduled, constitute a valid defense to a prayer for other relief, under which prayer the court rendered a deficiency judgment appended to a judgment foreclosing a mortgage?

We feel that this question has been decided in a case which neither counsel has cited, *Williams v. Lyddick* (1945), 116 Ind. App. 206, 61 N. E. 2d 186. At pages 210 and 211 of Judge Crumpacker's opinion, he discusses two cases cited by counsel in the case at bar: *First Nat. Bank of Goodland v. Pothuisje* (1940), 217 Ind. 1, 25 N. E. 2nd 436; and *Echelbarger v. First Nat. of Swayzee* (1937), 211 Ind. 199, 5 N. E. 2d 966, by saying:

"We are aware that the Supreme Court has held that the immunities that accrue to bankrupts by reason of their discharge do not protect a bankrupt husband and wife against seizure and sale of entirety property in satisfaction of a joint judgment when the particular entirety property so seized constituted the basis for the credit extended to such husband and wife when the joint debt represented by the judgment was created. *First Nat. Bank of Goodland v. Pothuisje* (1940), 217 Ind. 1, 25 N. E. (2d) 436. We are further aware that the Supreme Court has said that the lien of a joint judgment, which has attached to entirety property, is not destroyed by the individual discharge in bankruptcy of both the husband and wife. *Echelbarger v. First Nat. of Swayzee* (1937), 211 Ind. 199, 5 N. E. (2d) 966. Neither of these decisions, however, can be construed to hold that the individual property of a husband or wife, each of whom has been discharged in bankrupty (sic), can be seized and sold to satisfy a joint judgment against them in personam. In fact these holdings are quite the contrary and in each of them there is recognition of the principle that the individual discharge in bankruptcy of a husband and wife

destroys the personal and several liability of each of them arising out of a joint judgment.

"It is clear to us that the lower court exceeded its power when it authorized the issuance of an execution *under the direction of which* the sheriff of Lake County *can seize and sell the individual property of either or both of* the appellants and therefore the judgment herein is contrary to law."

Under authority of the *Williams case, supra,* we feel that the rendition of a deficiency judgment to be levied upon the "goods and chattels, lands and tenements of the individual defendants, Robert Joe Tipton and Betty Joyce Boyken (formerly Betty Joyce Tipton)", was contrary to law and the court erred in so doing.

We, therefore, remand this cause to the Gibson Circuit Court for amendment of its judgment so as to delete the portion thereof granting a deficiency judgment.

Cooper, Faulconer and Prime, J.J., concur.

NOTE.—Reported in 238 N. E. 2d 695.