TIPTON *v.* FLACK

[No. 969A159. Filed June 29, 1970. Rehearing denied September 9, 1970.]

*Robert D. Schuttler,* of Evansville, for appellant.

*William J. Marshall,* of Princeton, for appellee.

CARSON, Judge.—This appeal comes from the Gibson Circuit Court wherein appellee, Charles A. Flack, obtained a judgment against appellant, Robert J. Tipton, in proceedings supplemental to execution.

A brief history of this cause will aid in isolating the issue presented in this appeal. Robert J. Tipton and his former wife, Betty Joyce, owned a parcel of property by the entire-

ties, in which they gave a first mortgage to Perpetual Savings & Loan Association and a second mortgage to Charles A. Flack as security for joint obligations. Thereafter, the Tiptons filed separate petitions in bankruptcy, each listing the debts owing to Perpetual and Flack. Pursuant to their discharge in bankruptcy, the Tiptons were relieved of their separate obligations relating to said respective debts. Subsequent to the discharge in bankruptcy, Perpetual filed suit to foreclose its mortgage on the property which the Tiptons owned as tenants by the entireties, and named Charles A. Flack as a party-defendant. In the same proceeding, Flack filed a cross-complaint against the Tiptons to foreclose his second mortgage on the property. In said original proceeding, the Gibson Circuit Court ordered the property held by entireties sold to satisfy the respective debts and entered a deficiency judgment in favor of each, Perpetual and Flack, to be satisfied from execution upon the individual assets of the Tiptons.

The Tiptons appealed from the original judgment contesting the entry of a deficiency judgment against their individual assets, claiming that their respective discharges in bankruptcy had served to absolve them of any individual liability upon the debts listed which included the obligation owing to Perpetual. Perpetual was the sole party-appellee in the appeal from the original judgment, and Flack was *not* a party to that appeal. Upon appeal from the original judgment, this court found the law to be in favor of the Tiptons and remanded the cause with instructions to the Gibson Circuit Court, ordering said court to delete that portion of its judgment granting a deficiency judgment to Perpetual. *Tipton v. Perpetual Savings & Loan Association* (1968), 143 Ind. App. 202, 238 N. E. 2d 695. The Gibson Circuit Court complied with the order of this court and deleted that portion of its original judgment granting a deficiency judgment to Perpetual, but the judgment, as amended, still contained provision for a deficiency judgment in favor of

Flack, to be satisfied out of the individual assets of the Tiptons.

Subsequent to amendment of the judgment, Flack instituted proceedings supplemental to execution and, after hearing, the Gibson Circuit Court entered judgment in favor of Flack in the following words and figures to wit:

> "IT IS THEREFORE ORDERED that the defendant, Robert Joe Tipton, pay to the Clerk of the Gibson Circuit Court ten (10%) percent of his wages above $15.00 each week to be applied upon the judgment heretofore rendered in this cause against the said Robert Joe Tipton and in favor of Charles A. Flack and Mary Frances Flack, but that this order be stayed until July 11th, 1969.
> "IT IS FURTHER ORDERED that the defendant, Robert Joe Tipton, pay the costs of this action."

To appellee-Flack's complaint for proceedings supplemental, appellant filed answer alleging that any individual obligation which might have been owing to Flack had been discharged in bankruptcy. Appellant's sole contention upon appeal is that the decision of the court is contrary to law in that Flack was not entitled to a judgment in proceedings supplemental. In support of his contention, appellant cites, as authority, this court's decision in *Williams* v. *Lyddick* (1945), 116 Ind. App. 206, 61 N. E. 2d 186, which formed the basis for our holding in *Tipton* v. *Perpetual Savings & Loan Association, supra.*

We agree with appellant's contention that, applying the principles enunciated in *Williams,* the Gibson Circuit Court's entry of a deficiency judgment in favor of Flack in the original proceeding was contrary to law. However, appellant is in no position at this posture of the cause to assert any error in the original judgment of the Gibson Circuit Court. Appellant should have made Flack a party to the appeal from the original judgment and, in failing to do so, that original judgment became the law of the case. *Martin* v. *Ben Davis Conservatory Dist.* (1958), 238 Ind. 502, 153 N. E. 2d 125.

This court in *Hobbs* v. *Town of Eaton* (1906), 38 Ind. App. 628, 78 N. E. 333, held that a judgment from which no appeal has been taken cannot be the subject of collateral attack upon the merits in proceedings supplemental to execution. It was stated, at 633, that:

"But aside from the theory last stated, appellant has pointed out no error in this regard, for the further reason that this is an independent action, in no way affecting the merits of the action in which the original judgment was rendered. Therefore, any evidence which would tend in any way to interfere with, alter or change the face of the original judgment would be improper. *Harper* v. *Behagg* (1896), 14 Ind. App. 427. The original judgment stands unimpeached, unappealed from, and with validity unquestioned."

Although the original judgment of the court below in the mortgage foreclosure action may have been contrary to law, appellant's remedy was to appeal from that judgment. Since appellant did not choose to appeal that judgment as it pertained to the deficiency judgment entered in favor of appellee-Flack, it became final and the law of the case and is not subject to collateral attack upon the merits in proceedings supplemental to execution.

For the foregoing reasons the judgment of the trial court should be affirmed.

Judgment affirmed.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 259 N. E. 2d 703.